IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>**ECO-PRESERVATION SERVICES, LLC,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-02429-DSC11<br><br>(Jointly administered) |

## ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO ENTER INTO A CONTRACT

Before the Court is the Emergency Motion for Authority to Enter into a Contract (doc. 662) (the "Motion") filed by Brian Walding, chapter 11 trustee ("Trustee"), and the Limited Objection to the Motion filed by Knobloch, Inc. ("Knobloch"). This Court has jurisdiction to hear and decide the matters before it pursuant to 28 U.S.C. §§ 1334, 157, and the General Order of Reference from the District Court. This Court held a trial as to the Motion and the Limited Objection on August 20-21, 2025, and the appearances of counsel were noted on the record.

The Court stated its findings[2] and conclusions on the record in the above-styled case on August 29, 2025, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Consistent with those findings and conclusions, the following constitutes the Court's ruling.[3]

Through his Motion, the Trustee seeks permission to enter into a contract with Living Water Utilities, LLC ("Living Water"), to "run the day to day operations of the sewer system,"

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification or social security number, include: ECO-Preservation Services, L.L.C. (6084), SERMA Holdings, LLC (8211), and John Michael White, Sr. (1996). The Debtors' service address is P.O. Box 679, Leeds, Alabama 35094.

[2] For a detailed recitation of the facts relevant to the Trustee's Motion, *see* Order Granting in Part Judgment Creditors' Motion to Alter, Amend or Vacate in this case (doc. 699), and Order Granting in Part the Trustee's Motion for Preliminary Injunction in Adv. P. No. 25-00024-DSC. (AP Doc. 36.)

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files, and the Court does so in this case. *See IT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

1

which is located at 12784 Woodland Park Circle, McCalla, Alabama (the "Treatment Plant"). The Motion includes a proposed contract (the "Living Water Contract") (doc. 662, Knobloch Ex. 3), and the Trustee relies upon 11 U.S.C. § 363(b) as authority for his requested relief. After filing the Motion, the Trustee received a letter (the "Living Water Letter") (Plaintiff's Ex. 9, Knobloch Ex. 4) from Living Water which stated that "[i]n the event that [Living Water] is contracted to operate the system, we will request the following specific information in order to make an effective transition of duties ... ." The Living Water Letter demonstrates that it seeks detailed information regarding a permit (the "NPDES permit")[4] issued by the Alabama Department of Environmental Management ("ADEM") as to the Treatment Plant. The referenced NPDES permit allows treated wastewater to be lawfully discharged from the Treatment Plant into a state waterway known as Mud Creek. It is undisputed that the owner and holder of the NPDES permit is Knobloch. It is also undisputed that Knobloch owns a discharge pipeline (the "Discharge Pipeline") which the Treatment Plant has historically used to discharge treated wastewater.

The Living Water Contract and the Living Water Letter—along with testimony received at the trial of this matter—demonstrate that Living Water intends to operate under the NPDES permit, including performing all required testing, sampling, reporting, and compliance activities. Knobloch does not consent to the Trustee and Living Water using its Discharge Pipeline or operating under the NPDES permit. As the permit holder, Knobloch "is subject to both federal and state enforcement for failure to comply with" the terms of the NPDES permit. All parties acknowledge that Knobloch, as the permit-holder, would be primarily liable as to any violations of the permit's terms. However, during the testimony at trial, the Living Water representative, Tyler McKeller, offered on behalf of Living Water to indemnify and hold harmless Knobloch for

---

[4] NPDES is an acronym for National Pollutant Discharge Elimination System.

the use of its discharge pipeline and permit, so long as Living Water is in a position to certify as accurate the reporting required by ADEM. In addition, Knobloch opposes the Trustee's use of its assets—the Discharge Pipeline and the NPDES permit—without compensation.

While Knobloch does indeed own the Discharge Pipeline and the NPDES permit, the chapter 11 Debtors have possession and use of these assets as components absolutely critical to the Debtors' daily operation of its sewage treatment business. And until recently, the use and possession of these assets by one of the Debtors, ECO-Preservation, has been authorized under pre- and postpetition written and oral contracts and agreements negotiated primarily by another one of the Debtors in this chapter 11 case, Michael White. Notwithstanding the extremely complicated relationships of the interested parties to the Debtors' business structure, the Trustee has persuaded this Court that hiring Living Water to run the day to day operations of the Debtors' sewer system is a proper use of his authority under § 363(b). In addition, the Trustee has sufficiently demonstrated how and why the continued use of the Discharge Pipeline and the NPDES permit, with the assistance of Living Water, is critical at this juncture to the viability of the Debtors' ongoing business operations.

**THEREFORE**, having considered the pleadings, the testimony and other evidence received at the trial of this matter, and considering the relevant context of this case, the Court **ORDERS, ADJUDGES,** and **DECREES** the following**:**

1. The Motion is hereby **GRANTED** in part and **DENIED** in part, and the Limited Objection is **SUSTAINED** in part and **OVERRULED** in part, as set forth herein.

2. The Trustee's request to enter into a contract with Living Water is **APPROVED** as limited herein.

3. Unless otherwise ordered, the Agreement for Services (doc. 662, Knobloch Ex. 3) is approved for a period of 6 months commencing September 1, 2025.

4. The Debtors and other parties in interest shall take all reasonable and necessary steps to ensure the smooth transition of the entire sewer treatment process to the operation

of Living Water. The Trustee shall take all reasonable and necessary steps to ensure that the operation of the Debtors' sewage treatment business complies with all applicable laws and regulations.

5. The Living Water Letter (Plaintiff's Ex. 9, Knobloch Ex. 4) is approved and the Debtors shall supply the requested information to the Trustee, or his designee, unless otherwise ordered. Knobloch shall provide to the Trustee, or his designee, all requested information that is relevant to the Discharge Pipeline, the NPDES permit, and all communications and reporting related to ADEM.

6. Unless otherwise ordered, the Trustee, and ECO-Preservation Services, LLC, may continue to possess and use the NPDES permit and Discharge Pipeline for the continued operation of the Debtors' business, including, but not limited to, the sewage collection system and the sewage treatment plant.

7. Knobloch remains primarily liable for any violations of the NPDES permit's terms. Accordingly, Living Water, or the Trustee, shall provide Knobloch with copies (electronic or other) of all communications and reporting related to ADEM.

8. Consistent with the Court's recent Order granting in part the Trustee's Motion for Preliminary Injunction (AP doc. 36), the Trustee shall compensate Knobloch at a rate of $5,825 monthly for the use of the Discharge Pipeline and the NPDES permit unless otherwise ordered.

**DONE AND ORDERED** this 29th day of August, 2025.

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge