# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECO-Preservation Services, L.L.C., *et al.*,[1] | ) | Case No. 22-02429-DSC11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

| | | |
|---|---|---|
| LINDSAY DAVIS, BENJAMIN DAVIS, | ) | |
| NICOLE SLONE, MONICA LAWRENCE, *and* | ) | |
| JOHN LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | AP No.: 25-00019-DSC |
| | ) | |
| KNOBLOCH, INC., | ) | |
| TANNEHILL SEWER, LLC, | ) | |
| MARY PAULA WHITE, | ) | |
| HENRY H. TYLER, | ) | |
| CURTIS WHITE DEVELOPMENT CO., L.L.C., | ) | |
| SERMA FUNDING, LLC, | ) | |
| BEN J. SCHILLACI, individually and as Trustee | ) | |
| of the ETDNRE TRUST, | ) | |
| SHANDI R. WHITE, *and* | ) | |
| FICTITIOUS DEFENDANTS A, B, C, D, and E, being | ) | |
| those individuals and/or entities who joined and/or | ) | |
| conspired with the other Defendants to commit the | ) | |
| wrongful acts set forth in the Complaint, and whose | ) | |
| identities are unknown but who will be added as | ) | |
| defendants when their identity is ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification or social security number, include: ECO-Preservation Services, L.L.C. (6084), SERMA Holdings, LLC (8211), and John Michael White, Sr. (1996). The Debtors' service address is P.O. Box 679, Leeds, Alabama 35094.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 2 of 22

**COME NOW,** the Plaintiffs, Lindsay Davis, Benjamin Davis, Nicole Slone, Monica Lawrences, and John Lawrences, Jr., in the above-styled case, by and through the undersigned counsel, and file this Amended Complaint against Defendants Knobloch, Inc., Tannehill Sewer, LLC, Mary Paula White, Henry H. Tyler, Curtis White Development Co., L.L.C., SERMA Funding, LLC, Ben J. Schillaci, individually and as Trustee of the ETDNRE Trust, Shandi R. White, and Fictitious Defendants A, B, C, D, and E, being those individuals and/or entities who joined and/or conspired with the other Defendants to commit the wrongful acts set forth in this Complaint, and whose identities are unknown but who will be added as defendants when their identity is ascertained, pursuant to Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15, and complains as follows:

## PARTIES

1.      Plaintiff Lindsay Davis is a resident and citizen of Tuscaloosa County, Alabama and is over the age of nineteen (19) years.

2.      Plaintiff Benjamin Davis is a resident and citizen of Tuscaloosa County, Alabama and is over the age of nineteen (19) years.

3.      Plaintiff Nicole Slone is a resident and citizen of Monroe County, New York and is over the age of nineteen (19) years.

4.      Plaintiff Monica Lawrence is a resident and citizen of Tuscaloosa County, Alabama and is over the age of nineteen (19) years.

5.      Plaintiff John Lawrences is a resident and citizen of Tuscaloosa County, Alabama and is over the age of nineteen (19) years.

6.      Defendant Knobloch, Inc., ("Knobloch") is a domestic corporation doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama, with a principal place of business in Alabama, and a registered office address of 1509 9th St., Leeds, AL 35094.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 3 of 22

7.    Defendant Tannehill Sewer, LLC ("TS") is a domestic limited liability company doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama, with a principal place of business in Alabama, and a registered office address of 1509 9th St., Leeds, AL 35094.

8.    Defendant Mary Paula White is a resident and citizen of Jefferson County, Alabama and is over the age of nineteen (19) years.

9.    Defendant Henry H. Tyler is a resident and citizen of Jefferson County, Alabama and is over the age of nineteen (19) years.

10.    Defendant Curtis White Development Co., L.L.C. ("CWD") is a domestic limited liability company doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama, with a principal place of business in Alabama, and a registered office address of 824 Parkway Dr., Leeds, AL 35094.

11.    Defendant SERMA Funding, LLC ("SFD") is a domestic limited liability company doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama, with a principal place of business in Alabama, and a registered office address of 1505 9th Street, Leeds, AL 35094.

12.    Defendant Ben J. Schillaci, individually and as Trustee of the ETDNRE Trust, ("Schillaci") is a resident and citizen of Jefferson County, Alabama and is over the age of nineteen (19) years. At all times relevant hereto, Schillaci was the Trustee of the ETDNRE Trust.

13.    Defendant Shandi R. White is a resident and citizen of Jefferson County, Alabama and is over the age of nineteen (19) years.

14.    Fictitious Defendants A, B, C, D, and E, being those individuals and/or entities who joined and/or conspired with the other Defendants to commit the wrongful acts set forth in this

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 4 of 22

Complaint, and whose identities are unknown but who will be added as defendants when their identity is ascertained.

## JURISDICTION

15.  This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 157(b)(2)(H), (O) and/or 28 U.S.C. § 1334.

## FACTS

### I.  The Underlying Civil Cases & Appellate History

16.  On August 30, 2021, a jury trial commenced on the underlying action in the United States District Court for the Northern District of Alabama, Western Division, (Case No. 7:17-cv-01533-LSC, 7:17-cv-01534-LSC, and 7:17-cv-01535-LSC), wherein the Plaintiffs sued Eco-Preservation Services, LLC, SERMA Holdings, LLC, J. Michael White, and Bama Management, LLC (formerly Builder1.com, LLC) (the "White Parties") for certain torts related to the operating of a private sewer system located in Lake View, AL.[2] These underlying lawsuits were commenced on September 11, 2017.

17.  On September 3, 2021, a jury returned verdicts in favor of the Plaintiffs and against the White Parties, and a final order on said verdicts was entered on September 9, 2021, by the Honorable District Court Judge Scott Coogler.

18.  The damages awarded to the Plaintiffs and against the White Parties totaled in excess of $4.7 million.

19.  Ultimately, the White Parties appealed the verdict and decisions of the District Court to the United States Circuit Court of Appeals for the Eleventh Circuit (Case No. 22-12913-A, 22-

---

[2] Johnathan Slone was included as an original plaintiff in the underlying suit and awarded a judgment as stated herein. However, Jonathan Slone has since been divested of his interest in the judgment, and his interest has been transferred to Nicole Slone.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 5 of 22

12915-A, and 22-12916-A), and, on June 20, 2024, the Eleventh Circuit affirmed the verdict and decisions of the District Court, except that the Eleventh Circuit directed the District Court to apply Ala. Code § 6-11-21(a) to determine the cap of punitive damages awardable to the Plaintiffs.

20. In applying said cap, only one set of Plaintiffs was affected, the Davis Plaintiffs. On September 13, 2024, the award of punitive damages for the Davis Plaintiffs was remitted in accord with the Eleventh Circuit mandate.

21. The total damages awarded to the Plaintiffs, collectively, and against the White Parties after this remittitur, was in excess of $4.5 million, as to which interest, fees, attorney's fees, and costs continue to accrue pursuant to federal law and § 506(b).

22. In addition, the Davis Plaintiffs and Lawrences Plaintiffs have been awarded, to date, attorney' fees pursuant to 42 U.S.C. § 1988(b) in the amounts of $376,469.75 and $358,222.25, respectively.

23. Also, the Plaintiffs have been awarded costs for the underlying action.

24. After the appeal to the Eleventh Circuit, the White Parties further appealed the underlying matter and filed a petition for writ of certiorari in the Supreme Court of the United States. Said petition was denied on February 25, 2025 (Case No. 24-506).

## II.    The Bankruptcy Proceedings

25. On October 5, 2022, after the Plaintiffs applied for garnishment and execution with the District Court, Eco-Preservation Services, LLC, SERMA Holdings, LLC, and J. Michael White (collectively, the "Judgement Debtors") filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (Case No. 22-02429-DSC11, 22-02430-TOM11, 22-02431-

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 6 of 22

TOM11).[3] The bankruptcy cases were thereafter administratively consolidated under case number 22-02429-DSC11. (Doc. 61).

26.    The Judgment Debtors were initially allowed to proceed as Debtors-in-Possession under the Bankruptcy Code.

27.    However, on August 27, 2024, the Plaintiffs filed a Motion for the Appointment of a Trustee in the bankruptcy case to remove the Judgment Debtors as Debtors-in-Possession. (Doc. 384; *see also* Doc. 462). Other creditors joined in on the motion, and on December 4, 2024, this Court granted the motion. (Doc. 443, 465, 482).

28.    On December 30, 2024, Brian R. Walding was appointed Trustee by the bankruptcy court. (Doc. 533).

### III.    Interconnected Web of Entities

29.    The Defendants herein and Judgment Debtors (via the Trustee), collectively, are involved in owning and operating a private sewer system in Lake View, Alabama and surrounding areas. This system consists of the collection system, treatment plant, and discharge pipeline. Each of these parts of the system are owned by separate entities but are indiscriminately the same.

30.    At all times relevant hereto, the members of Eco-Preservation Services, LLC ("Eco") were SERMA Holdings, LLC ("Serma") (45% interest), Defendant Tyler (40% interest), and Defendant CWD (15% interest).

31.    Eco (currently through the Trustee) operates and maintains a private sewer treatment plant located in Tuscaloosa County, Alabama that services Lake View, Alabama and surrounding areas.

32.    Serma is the managing member of Eco.

---

[3] The bankruptcy cases were consolidated and are currently being jointly administered under Case No. 22-02429-DSC11.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 7 of 22

33. At all times relevant hereto, the members of SERMA Holdings, LLC ("Serma") were J. Michael White (50% interest) and Defendant Mary Paula White (50% interest).

34. J. Michael White is the managing member of Serma.

35. Serma is an asset and real estate holding company for the most part. Serma previously owned the sewer collection system (from the residences to treatment plant) in Lake View, Alabama and surrounding areas. This collection system is now owned by TS and was fraudulently transferred to TS.

36. As of January 1, 2020, Tannehill Sewer, LLC ("TS") is a wholly owned subsidiary of Knobloch, Inc. ("Knobloch").

37. TS currently owns the collection system, as well as the real property upon which Eco's treatment plant sits. TS currently leases these properties to Eco.

38. Prior to January 1, 2020, TS was a wholly owned subsidiary of Serma and was managed by Serma. Serma interest in TS was fraudulently transferred to Knobloch.

39. TS is currently managed by Mary Paula White. Prior to May 15, 2023, TS was managed by J. Michael White.

40. From 1991 to April 1, 2020, J. Michael White and Mary Paula White jointly owned 100% of the shares of Knobloch.

41. Knobloch owns the discharge pipeline (from treatment plant to discharge site) and a permit for discharge into a nearby creek.

42. On April 1, 2020, the jointly owned stock was separated where J. Michael White retained 25% of the stock and Mary Paula White retained 75% of the stock.

43. Prior to May 15, 2023, J. Michael White and Mary Paula White were the sole directors of Knobloch, J. Michael White served as an officer in the capacity of President of Knobloch. Mary

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 8 of 22

Paula White served as an officer in the capacity of Secretary and Treasurer of Knobloch. J. Michael White also served as manager of TS during this time.

44. On Mary 15, 2023, J. Michael White was removed as an officer and director of Knobloch. Mary Paula White was elected as the President, Vice President, Secretary, and Treasurer of Knobloch, as well as the manager of TS.

45. SFD is wholly owned and managed by Serma and provides financing to the Judgment Debtors.

46. While Eco does not own the discharge pipeline or collection system, Eco pays for the operation and maintenance of the discharge pipeline and collection system, as well as its treatment plant.

## IV. Piercing Corporate Veil/Alter Ego

47. Eco and Serma are set up as a subterfuge, the members do not observe the corporate form, legal requirements of corporate law are not complied with, the corporation maintains no corporate records, these entities have no employees, corporate funds are used for personal purposes, and funds are drained from these entities.

48. All income derived from the operations of Eco are mainly diverted to Defendants Knobloch and TS, and Eco is undercapitalized as a result therefrom.

49. Serma has no appreciable stream of income and is undercapitalized, and any funds derived from the operations of Serma as diverted out of the company and to Defendants.

50. Both Eco and Serma have no employees and funds are drained from these entities.

51. Serma has complete control and domination over Eco and is the sole decision maker related to Eco's finances, policy, and business practices to the point where Eco does not have a separate existence on its own.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 9 of 22

52.    In turn, J. Michael White has complete control and domination over Serma and is the sole decision maker related to Serma's finances, policy, and business practices to the point where Serma does not have a separate existence on its own.

53.    The Defendants have misused and mismanaged Eco and Serma to divert funds and income into the accounts of the Whites and Defendants.

54.    The Defendants are using Eco and Serma to evade responsibility for the Plaintiffs' judgment, and Eco and Serma are a mere instrumentality of the Defendants.

55.    As a direct and proximate result of the misuse of control by the Defendants, Eco and Serma have failed to satisfy the Plaintiffs' judgment against them and filed for bankruptcy protection.

56.    Likewise, TS is set up as a subterfuge, the sole member does not observe the corporate form, legal requirements of corporate law are not complied with, the corporation maintains no corporate records or bank accounts, this entity has no employees, corporate funds are used for personal purposes, and funds are drained from this entity.

57.    TS has no appreciable stream of income, is undercapitalized, and/or any income derived from the operations of TS is not separated from the income of Knobloch. TS also files its taxes under Knobloch and does not separately file federal, state, or local taxes.

58.    TS has no employees and funds are drained from these entities.

59.    Mary Paula White, and previously J. Michael White, has complete control and domination over TS and is the sole decision maker related to TS's finances, policy, and business practices to the point where TS does not have a separate existence on its own.

60.    TS has been misused and mismanaged to divert funds and income into the accounts of the Whites.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 10 of 22

61. Similarly, Knobloch is set up as a subterfuge, the stockholders do not observe the corporate form, legal requirements of corporate law are not complied with, the corporation maintains no corporate records, this entity has no employees, corporate funds are used for personal purposes, and funds are drained from this entity.

62. Knobloch's income is solely derived from its relationship with Eco. Knobloch does not conduct business with any other entity, other than those in which the Whites have an interest. Any funds that are derived from the operations of Knobloch are used for personal purposes and drained from Knobloch and into the accounts of Mary Paula White.

63. Mary Paula White, and previously J. Michael White, has complete control and domination over Knobloch and is the sole decision maker related to Knobloch's finances, policy, and business practices to the point where Knobloch does not have a separate existence on its own.

64. Knobloch has been misused and mismanaged to divert funds and income into the accounts of the Whites.

65. TS is a mere instrumentality of Knobloch.

66. Knobloch wholly owns TS, Knobloch's officers and directors manage TS, Knobloch finances TS, TS does not maintain its own bank accounts or file its own tax returns, TS files taxes through Knobloch and uses Knobloch's banking accounts, TS is grossly undercapitalized, Knobloch pays the losses and other expenses of TS, TS has essentially no business except with Knobloch, Knobloch uses the property of TS as its own, and the formal legal requirements of TS are not observed.

## V. Fraudulent/Voidable Transactions

67. Prior to August 17, 2019, Serma owned and possessed real estate and sewer assets related to a sewer collection system located in Tuscaloosa and Jefferson County, near the City of Lake View, Alabama and surrounding areas.

68. On August 17, 2019, Serma fraudulently transferred and conveyed all of its interests in this real estate and sewer assets to TS. [Exhibit 1].[4]

69. Also, on August 17, 2019, Serma fraudulently assigned, transferred, and conveyed all of its rights under the Franchise Agreement and Purchase Agreement extended by Lake View and the GUSC. [Exhibit 7].[5]

70. On August 2, 2019, the Government Utility Services Corporation of Lake View ("GUSC") transferred and conveyed any and all of its interest in any real estate and sewer assets it owned to TS, which should have been conveyed to Serma under the agreements entered into between the GUSC and Serma. [Exhibit 2,[6] Exhibit 3[7]]. Instead, it was conveyed to TS to fraudulently avoid the reach of the Plaintiffs. [Exhibit 4].[8]

71. Prior to December 26, 2019, Eco leased real property from Defendant Tyler. A written lease agreement was entered into between Eco and Tyler which provided Eco an option to purchase the real property for $75,000.00 without further conditions. [Exhibit 5].[9]

72. On December 26, 2019, this leased real property was fraudulently conveyed to TS for $75,000, and Eco did not act upon its option to purchase said real property. [Exhibit 6].[10] Eco had enough capital to exercise its option to sell at the time and should have exercised the option.

---

[4] A true, genuine, and accurate copy of a deed transferring Serma's collection system assets to TS is attached hereto, incorporated herein by reference, and marked as Exhibit 1.

[5] A true, genuine, and accurate copy of the assignment transferring Serma's interest in the Franchise Agreement and Purchase Agreement is attached hereto, incorporated herein by reference, and marked as Exhibit 7.

[6] A true, genuine, and accurate copy of the Purchase Agreement entered into between the GUSC and Serma is attached hereto, incorporated herein by reference, and marked as Exhibit 2.

[7] A true, genuine, and accurate copy of Resolutions concerning Serma's and the GUSC's relationship and the Fourth Forbearance Agreement entered into by and between the GUSC and Serma are attached hereto, incorporated herein by reference, and marked as Exhibit 3.

[8] A true, genuine, and accurate copy of the deed transferring the GUSC's sewer assets and real property to TS is attached hereto, incorporated herein by reference, and marked as Exhibit 4.

[9] A true, genuine, and accurate copy of the plant site lease between Tyler and Eco is attached hereto, incorporated herein by reference, and marked as Exhibit 5.

[10] A true, genuine, and accurate copy of the deed conveying the plant site property from Tyler to TS is attached hereto, incorporated herein by reference, and marked as Exhibit 6.

Instead, J. Michael White acted for both Eco in failing to exercise its option to purchase the real property and for TS to purchase said real property for the same option price extended to Eco.

73. Prior to January 1, 2020, Serma wholly owned TS.

74. On January 1, 2020, Serma fraudulently transferred its interest in TS to Knobloch. As a result of this transaction, Knobloch owned 100% of TS. [Exhibit 8].[11]

75. Prior to April 1, 2020, J. Michael White and Mary Paula White jointly owned 1000 shares of Knobloch, which represented 100% of the stock. [Exhibit 9].[12]

76. On April 1, 2020, the jointly owned stock was separated where J. Michael White retained 250 shares (25%) and Mary Paula White retained 750 shares (75%). [Exhibit 9].

77. On September 24, 2021, Mary Paula White and J. Michael White fraudulently transferred, from their joint account, the sum of $1 million dollars and zero cents ($1,000,000.00) to Mary Paula White. Said funds were deposited into the personal account of Mary Paula White.

78. In September of 2023, Mary Paula White created the ETDNRE Trust and appointed Schillaci as Trustee.

79. On September 20, 2023, Schillaci, as Trustee of the ETDNRE Trust, purchased and was deeded a property located in Jefferson County, Alabama for $1.235 million dollars, which was solely funded, in cash, by Mary Paula White from her personal account. [Exhibit 10].[13]

80. On October 14, 2021, J. Michael White and Mary Paula White fraudulently transferred, from their joint account, the sum of two hundred forty thousand, eight hundred dollars, and zero cents ($240,800.00) to Serma Funding, LLC ("SFD").

---

[11] A true, genuine, and accurate copy of the assignment of Serma's interest in TS to Knobloch is attached hereto, incorporated herein by reference, and marked as Exhibit 8.

[12] A true, genuine, and accurate copy of the stock certificates of Knobloch are attached hereto, incorporated herein by reference, and marked as Exhibit 9.

[13] A true, genuine, and accurate copy of the deed conveying the real estate to the Trustee of the ETDNRE Trust is attached hereto, incorporated herein by reference, and marked as Exhibit 10.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 13 of 22

81. On October 14, 2021, Serma fraudulently transferred the sum of two hundred eighty-six thousand, two hundred sixty-nine dollars, and thirty-six cents ($286,269.36) to Knobloch.

82. On October 14, 2021, Serma fraudulently transferred the sum of three hundred five thousand dollars and zero cents ($305,000.00) to TS.

83. Between December 21, 2019 and March 31, 2022, Eco fraudulently transferred the total sum of one million, three hundred thousand dollars, and zero cents ($1,300,000.00) to Knobloch.

84. Beginning in 2019 and continuing to date, Eco also fraudulently pays TS and Knobloch a combined total of approximately, and at the very least, $57,423 per month under various fraudulent agreements and transfers that were negotiated all by the Whites on both sides of the transaction to divert funds from Eco and devalue Eco. [Exhibit 11,[14] Exhibit 12,[15] Exhibit 13,[16] Exhibit 14,[17] Exhibit 15].[18]

85. Since 2019 and continuing to date, Eco has also been fraudulently paying SFD over $8,900 per month under a fraudulent promissory note that was negotiated all by the Whites on both sides of the transaction to divert funds from Eco and devalue Eco. [Exhibit 17].[19]

86. Since 2019 and continuing to date, Serma has also been fraudulently paying SFD approximately $450 per month under a fraudulent promissory note that was negotiated by the

---

[14] A true, genuine, and accurate copy of the "Account Servicing Agreement" between Eco and TS is attached hereto, incorporated herein by reference, and marked as Exhibit 11.
[15] A true, genuine, and accurate copy of the collection system lease between Eco and TS is attached hereto, incorporated herein by reference, and marked as Exhibit 12.
[16] A true, genuine, and accurate copy of the original Discharge License between Eco and Knobloch is attached hereto, incorporated herein by reference, and marked as Exhibit 13.
[17] A true, genuine, and accurate copy of the Amended Forbearance Agreement (related to Discharge License) between Knobloch and Eco is attached hereto, incorporated herein by reference, and marked as Exhibit 14.
[18] A true, genuine, and accurate copy of the plant site lease between Eco and TS is attached hereto, incorporated herein by reference, and marked as Exhibit 15.
[19] A true, genuine, and accurate copy of the Amended and Restated Promissory Note between SFD and Eco is attached hereto, incorporated herein by reference, and marked as Exhibit 17.

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 14 of 22

Whites on both sides of the transaction to divert funds from Serma and devalue Serma. [Exhibit 18].[20]

87. In addition, between 2019 and the present, Eco and Serma have fraudulently transferred money to their members, including Defendants Tyler and CWD, in the form of distributions, which is not ordinarily done in Eco's regular course of business, to further devalue the company and hinder and defraud the Plaintiffs' collection activities.

88. On January 1, 2020, Serma fraudulently transferred to Shandi R. White real property located at 8136 Parkway Drive, Leeds, Alabama in Jefferson County, Alabama. [Exhibit 16].[21] Shandi R. White is the daughter of J. Micheal White and Mary Paula White.

89. Each of these fraudulent and voidable transfers were made with actual intent to hinder, delay, or defraud the Plaintiffs.

90. These voidable transfers were made to insiders, the Judgment Debtors retained possession or control of the real property even after the transfer, these transfers were concealed, before each of these transfers the Plaintiffs had filed suit against the Judgment Debtors, these transfers consisted substantially of all of the Judgment Debtors' assets, the Judgment Debtors removed or concealed assets, the Judgment Debtors did not receive any consideration that was reasonably equivalent to the value of the transferred asset, the Judgment Debtors became insolvent shortly after these transfers were made, and many of these transfers occurred shortly after a substantial debt was incurred.

91. These voidable transfers were made without the Judgment Debtors receiving a reasonably equivalent value in exchange for the transfers, and the Judgment Debtors were engaged

---

[20] A true, genuine, and accurate copy of the promissory note between SFD and Serma is attached hereto, incorporated herein by reference, and marked as Exhibit 18.
[21] A true, genuine, and accurate copy of the deed conveying this real property from Serma to Shandi R. White is attached hereto, incorporated herein by reference, and marked as Exhibit 16.

in a business for which the remaining assets of the Judgement Debtors were unreasonably small in nature, and/or the Judgment Debtors intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond its ability to pay as they became due.

**COUNT I**
**PIERCING CORPORATE VEIL**

92.    The Plaintiffs adopt and incorporate by reference the allegations and facts set forth in the preceding paragraphs of this Complaint, as if set forth herein in their entirety.

93.    As stated herein, Eco, Serma, TS, and Knobloch are set up as a subterfuge, the members and/or shareholders do not observe the corporate form, legal requirements of corporate law are not complied with, the corporation maintains no corporate records and/or bank accounts, these entities have no employees, corporate funds are used for personal purposes, and/or funds are drained from these entities.

94.    These entities' corporate existence is fraudulent and the recognition of the corporate existence of these entities will result in injustice and/or inequitable consequences.

95.    These entities are being used by its members and/or shareholders to evade personal responsibility for the Plaintiffs' judgment, and these entities are a mere instrumentality of its members and/or shareholders.

96.    As a direct and proximate result of the misuse of control, these entities have either failed to satisfy the Plaintiffs' judgment against them and filed for bankruptcy protection and/or diverted and devalued the Judgment Debtors.

97.    As a result, the shareholders and members of these entities should be responsible for the debts and liable for the actions and/or omissions of these entities.

**WHEREFORE, the premises considered,** the Plaintiffs demand judgment against the Defendants, jointly and severally, to hold the Defendants liable for debt and obligations of the

entities of which they are members and/or shareholders, for compensatory and punitive damages, for attorney's fees and costs, and for such further and other relief that this Court finds just and proper.

**COUNT II**
**ALTER EGO**

98.    The Plaintiffs adopt and incorporate by reference the allegations and facts set forth in the preceding paragraphs of this Complaint, as if set forth herein in their entirety.

99.    TS is a mere instrumentality of Knobloch.

100.    Knobloch wholly owns TS, Knobloch's officers and directors manage TS, Knobloch finances TS, TS does not maintain its own bank accounts or file its own tax returns, TS files taxes through Knobloch and uses Knobloch's banking accounts, TS is grossly undercapitalized, Knobloch pays the losses and other expenses of TS, TS has essentially no business except with Knobloch, Knobloch uses the property of TS as its own, and the formal legal requirements of TS are not observed.

101.    As a result, Knobloch should be responsible for any debt of TS and/or any liability of TS.

**WHEREFORE, the premises considered,** the Plaintiffs demand judgment against the TS to hold TS liable for debt and obligations of Knobloch, for compensatory and punitive damages, for attorney's fees and costs, and for such further and other relief that this Court finds just and proper.

**COUNT III**
**FRAUDULENT/VOIDABLE TRANSFERS**

102.    The Plaintiffs adopt and incorporate by reference the allegations and facts set forth in the preceding paragraphs of this Complaint, as if set forth herein in their entirety.

103. As stated herein, the Defendants are in possession, control, or hold title in the fraudulently and voidable transferred properties, interests, and/or assets of the Judgment Debtors.

104. These voidable transfers were made by the Judgment Debtors with actual intent to hinder, delay, or defraud the Plaintiffs.

105. To the extent recoverable, Plaintiffs request that any real and personal property that comprises of the sewer system, or is a necessary part thereof, be received by the Trustee as appointed receiver, as requested, during the pendency of this case and also turned over, conveyed, or otherwise transferred to the Trustee if such a judgment is rendered.

**WHEREFORE, the premises considered,** the Plaintiffs demand judgment against the Defendants, jointly and/or severally; for a judgment avoiding the transfers to the extent necessary to satisfy the Plaintiffs' claim with the condition that any real or personal property comprising of the sewer system, or necessary for its operation, will be directly turned over, conveyed, or otherwise transferred to the Trustee in the main bankruptcy case; and an order of attachment or other provisional remedy against the assets transferred or other property of the transferee in accordance with procedure prescribed by any applicable provision of any other statute or the applicable rules of civil procedure, except for those that comprise the sewer system, or necessary for its operations; and subject to applicable principles of equity and in accordance with applicable rules of civil procedure, appoint the Trustee as receiver to take charge of the asset transferred or of other property of the transferee, or any other relief as the circumstances may require; compensatory damages; punitive damages; attorney's fees; costs; and any other further or additional relief as may be deemed just and proper.

<u>**COUNT IV**</u>
<u>**APPOINTMENT OF RECEIVER**</u>

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 18 of 22

106. The Plaintiffs adopt and incorporate by reference the allegations and facts set forth in the preceding paragraphs of this Complaint, as if set forth herein in their entirety.

107. In accord with Ala. Code § 8-9B-8(a)(3)(ii), a remedy available to a creditor in a voidable transfer claim under Alabama law is the appointment of a receiver to take charge of the asset transferred or of other property of the transferee.

108. The appointment of a receiver is authorized through Fed. R. Bankr. P. 7064 and Fed. R. Civ. P. 64(a), as well as 28 U.S.C. § 959.

109. The Plaintiffs request that Brian Walding, in his capacity as Trustee of the Judgment Debtors, be appointed as receiver.

110. A receiver is necessary in this case to protect the Plaintiffs that have, as demonstrated herein, an apparent right, title, or interest in the transferred property that is subject to this action, including its revenues, rents, and proceeds, subject to the condition that any such property or item that in necessary for the operation of the sewer system shall be vested, conveyed, or otherwise transferred in or to the Trustee, is being subjected to or is in danger of waste, loss, dissipation, or impairment and/or has been the subject of a voidable transaction.

**WHEREFORE, the premises considered,** the Plaintiffs request that this Court appoint the Trustee as receiver to take charge of the assets transferred or of other property of the transferees pursuant to the applicable law.

## COUNT V
## CIVIL CONSPIRACY

111. The Plaintiffs adopt and incorporate by reference the allegations and facts set forth in the preceding paragraphs of this Complaint, as if set forth herein in their entirety.

112. As stated above, the Defendants committed torts against the Plaintiffs.

113. The Defendants agreed and worked together to commit the underlying torts and defraud the Plaintiffs. [Exhibit 8].

114. The Defendants acted overtly to achieve the underlying torts through the acts stated herein.

115. As a direct and proximate cause of the Defendants' actions, the Plaintiffs suffered significant and severe harm and damages.

**WHEREFORE, the premises considered,** the Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages, including, but not limited to, mental anguish and emotional damages, property damages, repair costs, loss of use, and loss of property value, punitive damages, reasonable costs, expenses, and attorney's fees, and such other and further relief as this court may deem just and proper.

*Respectfully submitted this _____ day of September, 2025.*

/s/ Bobby H. Cockrell, Jr.
Bobby H. Cockrell, Jr. (COC-008)
Attorney for Plaintiffs
bcockrell@ccrr.law

/s/ G. Scotch Ritchey, Jr.
G. Scotch Ritchey, Jr. (RIT-024)
Attorney for Plaintiffs
sritchey@ccrr.law

**OF COUNSEL:**
COCKRELL, COCKRELL, RITCHEY & RITCHEY, LLP
1409 University Boulevard
Tuscaloosa, Alabama 35401
Telephone: (205) 349-2009
Facsimile: (205) 758-3090

/s/ Robert P. Reynolds
Robert P. Reynolds (REYNR4202)
*Attorney for Plaintiffs*

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 20 of 22

**<u>OF COUNSEL:</u>**
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863
Telephone: 205-391-0073

Case 22-02429-DSC11    Doc 714-1    Filed 09/22/25    Entered 09/22/25 13:55:48    Desc
Exhibit Ex 1 - Proposed Amended Complaint    Page 21 of 22

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have on the above stated date, served a copy of the foregoing upon the following via private process server, and/or by U.S.P.S. certified mail, return service requested, with adequate postage prepaid, and/or electronic mail, and/or regular mail, and/or hand delivered, and/or by filing a copy of the foregoing using the AlaFile system which will automatically notify all counsel of record, and/or by filing a copy of the foregoing with the Clerk of Court using the CM/ECF system which will provide notice to the following CM/ECF participants:

**Knobloch, Inc.**
c/o J. Michael White, Registered Agent
1509 9th St.
Leeds, AL 35094

**Tannehill Sewer, LLC**
c/o SERMA Holdings, LLC, Registered Agent
1505 9th St.
Leeds, AL 35094

**Mary Paula White**
7702 Deer Trail
Trussville, AL 35173

**Henry H. Tyler**
1808 10th Ave N
Bessemer, AL 35020

**Curtis White Development Co., L.L.C.**
c/o Joseph C. White, Registered Agent
824 Parkway Dr
Leeds, AL 35094

**SERMA Funding, LLC**
c/o SERMA Holdings, LLC, Registered Agent
1505 9th St.
Leeds, AL 35094

**Ben J. Schillaci, individual and as Trustee of the ETDNRE Trust**
3700 Colonnade Pkwy
Ste 300
Birmingham, AL 35243

**Shandi R. White**
104 Cedar Rock Rd
Leeds, AL 35094

/s/ G. Scotch Ritchey, Jr.
*Of Counsel*

Case 22-02429-DSC11   Doc 714-1   Filed 09/22/25   Entered 09/22/25 13:55:48   Desc
Exhibit Ex 1 - Proposed Amended Complaint   Page 22 of 22