# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **ECO-PRESERVATION SERVICES, LLC,** *et al.*,[1] | Case No. 22-02429-DSC-11 |
| | **(Jointly administered)** |
| Debtors. | |

## KNOBLOCH, INC.'S MOTION FOR ADEQUATE PROTECTION

Pursuant to Federal Rule of 11 U.S.C. § 363(e), Knobloch, Inc. ("Knobloch") hereby asks this Court to enter an order requiring the Trustee and Living Water to provide adequate protection to Knobloch as to its property interests.[2] In support, Knobloch states the following:

1. On August 29, 2025, this Court entered its Order (the "Order") as to the Trustee's *Emergency Motion for Authority to Enter into a Contract* (the "Living Water Motion"). (Doc. 700). In it, this Court determined that the Trustee could, over Knobloch's objection, continue to use the NPDES permit and Discharge Pipeline[3] owned by Knobloch. (*Id.*). Importantly, there is no dispute in this case that the NPDES permit and Discharge Pipeline are Knobloch's property.

2. Knobloch maintains that the Trustee lacks authority under Section 363(b) to use its property without its consent. And, by virtue of its *Motion to Reconsider and Amend* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification or social security number, include: ECO-Preservation Services, L.L.C. (6084), SERMA Holdings, LLC (8211), and John Michael White, Sr. (1996). The Debtors' service address is P.O. Box 679, Leeds, Alabama 35094.

[2] In filing this Motion, Knobloch reserves and does not waive any and all rights and arguments it might otherwise assert on appeal, if it determines that an appeal is warranted, specifically including that the Trustee lacks authority to use the NPDES permit and Discharge Pipeline under Section 363(b) because they are not property of the Debtor's estate.

[3] As described and defined in this Court's Order (Doc. 700).

1

"Motion to Reconsider"), Knobloch's appeal rights remain intact. (Doc. 708). *See also* Fed. R. Bankr. P. 8002(b)(1).

3. Without waiver of those arguments, Knobloch submits that if its property is used by the Trustee and/or Living Water, then it is entitled to adequate protection under 11 U.S.C. § 363(e). Since the Order was entered, Knobloch has made numerous attempts to negotiate commercially reasonable terms with the Trustee (and Living Water through the Trustee) as to the use of its property. Thus far, the only concession that the Trustee and Living Water have made is to attempt to add Knobloch as an additional insured on Living Water's general liability policy. A full copy of the general liability policy (the "Policy") was first provided to Knobloch on October 1, 2025. True and correct copies of the Policy and a *Certificate of Liability Insurance* provided to Knobloch's counsel by the Trustee are attached here as Exhibit A.

4. Upon review, the Policy doesn't appear to provide Knobloch any protection because Knobloch is not an additional insured under its terms. The Policy only appears to grant a party "additional insured" status when required by a separate written agreement. (Exhibit A, at Section II, ¶¶ 6, 8, and 9; "Additional Insured" endorsement). Since there are no written agreements between Knobloch and Living Water, Knobloch is not an insured party under the Policy. The *Certificate of Liability Insurance* also doesn't provide any coverage to Knobloch. It states that it is "issued as a matter of information only and confers no rights upon the certificate holder" and that it "does not affirmatively or negatively amend, extend or alter the coverage afforded by the [Policy]." (Exhibit A, at Page 83 of 83).

5. The Policy is also not comprehensive as to all potential liability Knobloch may face in connection with the Trustee and Living Water's use of the NPDES permit and Discharge Pipeline. Instead, Knobloch could be exposed to claims that may be excluded by the Policy since

there are numerous exclusions. For example, the Policy does not cover "intentional non-compliance" with environmental regulations or directives. Such a claim would leave Knobloch directly exposed to claims for the acts of Living Water with no financial protection. Thus, even if the Policy did provide Knobloch some protection, Knobloch's inclusion as an additional insured on Living Water's general liability policy—*alone*—is not sufficient adequate protection for the use of its property.

6. Knobloch's potential liability as to any misuse of the NPDES permit and Discharge Pipeline has been well-established in this case. This Court specifically found in its Order that: "As the permit holder, Knobloch 'is subject to both federal and state enforcement for failure to comply with' the terms of the NPDES permit. All parties acknowledge that Knobloch, as the permit-holder, would be primarily liable as to any violations of the permit's terms." (Doc. 700, at p. 2). In addition, both J. Michael White and Tyler McKeller (of Living Water Utilities) testified that the permit holder (Knobloch) could be subject to significant penalties if a violation of the permit occurred. (*See* Exhibit B [*August 20, 2025 trial transcript*] at p. 142, Lines 6 – 16]); (*See* Exhibit C [*August 21, 2025 trial transcript*] at pp. 42-43, 46). Mr. White also testified that adjoining landowners could potentially assert claims against Knobloch related to sewer overflow or pollution connected to the wastewater treatment plant. (Exhibit C, at p. 46). These risks are compounded by provisions in Living Water's contract with the Trustee which allow Living Water to terminate its engagement and walk away from the treatment plant on sixty-days' notice. (Exhibit B, at p. 145). In that circumstance, Mr. McKeller explained that "it would be up to the permittee [Knobloch] to find a certified operator to be able to operate the facility." (*Id*.).

7. However, despite the clear risks borne by Knobloch in connection with the permit and pipeline's use, the Trustee and Living Water are not currently required to (1) provide any

3

Case 22-02429-DSC11    Doc 725    Filed 10/02/25    Entered 10/02/25 22:21:15    Desc
Main Document      Page 3 of 6

indemnity to Knobloch, (2) provide sufficient insurance as to Knobloch's interests, (3) provide Knobloch any ability to participate in the sampling, testing, and reporting to ADEM as to the NPDES permit, or (4) provide specific notice to Knobloch as to any issues which arise as to the wastewater treatment plant or as to its property. Moreover, under the Court's Order, Knobloch is now receiving *less* money in compensation for the use of its property than it did under the previous arrangement with the Trustee.

8. Section 363(e) explains that "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). "The term 'adequate protection' is intended to be a flexible one. Section 361 provides examples of adequate protection: (1) periodic cash payments; (2) additional or replacement liens; and (3) such other relief as will provide the 'indubitable equivalent'[4] of the interest," but the list is not intended to be exhaustive. 3 *Collier on Bankruptcy* ¶ 363.05 (16th Ed. 2025). *See also In re Westport Holdings Tampa, Ltd. P'ship*, 607 B.R. 715, 729 (M.D. Fla. 2019) ("A determination of whether there is adequate protection is made on a case by case basis.").

9. Importantly, the Trustee has the burden of proof on the issue of adequate protection. 11 U.S.C. § 363(p). *See also* 3 *Collier on Bankruptcy* ¶ 363.05 (16th Ed. 2025) ("Section 363(p) expressly provides that the trustee has the burden of proof on the issue of adequate protection but that the entity asserting an interest in the property has the burden of proof on the issue of the validity, priority and extent of such interest.").

---

[4] "Numerous courts have held 'indubitable equivalent' to mean 'completely compensatory,' or nearly so." *Westport Holdings Tampa, Ltd. P'ship*, 607 B.R. at 729.

10. Knobloch is not adequately protected as to foreseeable risks related to the use of its property. Therefore, pursuant to Section 363(e), Knobloch asks this Court to enter an Order conditioning the Trustee and Living Water's continued use of its property upon their providing adequate protection to Knobloch. At a minimum, the Estate and Living Water should be required to provide indemnification to Knobloch, and Living Water should be required to take the necessary actions to add Knobloch to their general liability insurance policy and any environmental remediation policies it has in place.

**THEREFORE**, Knobloch asks this Court to enter an order (1) granting this Motion, and (2) requiring the Trustee and Living Water to provide adequate protection to Knobloch as to the use of its property.

Respectfully submitted this 2nd day of October, 2025.

/s/ *Thomas B. Humphries*
Daniel D. Sparks
Thomas B. Humphries

**Counsel for Knobloch, Inc.**

<u>**OF COUNSEL:**</u>
**CHRISTIAN & SMALL, LLP**
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-795-6588
Fax: 205-328-7234
dds@csattorneys.com
tbh@csattorneys.com

## CERTIFICATE OF SERVICE

   I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of the Court and served the following using the CM/ECF system, which will send notification of such filing to those parties who receive electronic notices via CM/ECF in the above-referenced case.

        /s/ *Thomas B. Humphries*
        OF COUNSEL

6