IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Chapter 11 |
| | ) | |
| ECO-Preservation Services, L.L.C., *et al.*,[1] | ) | Case No. 22-02429-DSC11 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

### ORDER DENYING JUDGMENT CREDITORS' MOTION TO ANNUL THE AUTOMATIC STAY OR ALTERNATIVELY FOR RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on the Judgment Creditors' Motion to Annul the Automatic Stay or Alternatively for Relief from the Automatic Stay (the "Motion for Relief") filed by Lindsay and Benjamin Davis, Nicole Slone, and Monica and John Lawrence (collectively, the "Judgment Creditors") (doc. 714) and the Response in Opposition to Judgment Creditors' Motion to Annul the Automatic Stay or Alternatively for Relief from the Automatic Stay (the "Response") filed by Knobloch, Inc. ("Knobloch"), Tannehill Sewer, LLC ("Tannehill"), SERMA Funding, LLC ("SERMA Funding," and collectively with Knobloch and Tannehill, the "Sewer System Defendants"), Shandi R. White, and M. Paula White (jointly with the Sewer System Defendants, the "Non-Debtor Defendants"). (Doc. 735.) Pursuant to § 362(e)(1), this Court already continued the effect of the automatic stay as to the Judgment Creditors while it took the Motion for Relief and Response under submission. (Doc. 737.) Having now considered the written submissions and oral arguments from the parties, the Court concludes that the Motion for Relief is due to be denied.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification or social security number, include: ECO-Preservation Services, L.L.C. (6084), SERMA Holdings, LLC (8211), and John Michael White, Sr. (1996). The Debtors' service address is P.O. Box 679, Leeds, Alabama 35094.

First and foremost, this Court's jurisdiction to grant the relief sought by the Judgment Creditors is questionable at this time given the appeal pending in United States District Court for the Northern District of Alabama (the "District Court").[2] That appeal concerns this Court's Order of August 28, 2025 (the "Order") (doc. 699), which concluded, among other things, that the Judgment Creditors violated the automatic stay; in particular, that the stay was violated when the Judgment Creditors commenced a civil action in Tuscaloosa County Circuit Court asserting fraudulent transfer claims against certain Non-Debtor Defendants (namely, Knobloch, Tannehill Sewer, Serma Funding, collectively the "Sewer System Defendants"). The Judgment Creditors now seek to annul the stay, or get relief from the automatic stay, to again "pursue the fraudulent transfer actions against the Sewer System Defendants." (Doc. 714 at ¶ 9.) This time, the Judgment Creditors wish to proceed on an Amended Complaint that they assert "cannot be interpreted as to thwart the position of the Trustee or interfere with property of the Estate or operations of the sewer system." (Doc. 714 at 10.)

The Judgment Creditors perceive no jurisdictional impediment to this Court annulling or granting stay relief due to the pending appeal; this is so, they contend, because the appeal concerns the alter-ego and veil piercing claims and whether the Tuscaloosa County complaint was stayed as to Shandi R. White and Mary Paula White (in addition to the Sewer System defendants), not the stay-violating fraudulent transfer claims they want relief to pursue here on take number two. Notwithstanding that these claims are part and parcel of the same Order on appeal, this argument credits certain holdings within the Order as sufficiently distinct from those being appealed for jurisdictional purposes. This Court is unconvinced of the same. Indeed, the jurisdictional concern is broader than this argument would suggest, and courts have held accordingly: "More so, once an

---

[2] For reference, the appeal of this Court's August 28, 2025, Order is docketed in the District Court as 25-cv-01578-EGL.

appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, *although not themselves expressly on appeal*, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 759 (1st Cir. BAP 2007) (citations omitted) (emphasis added).

Moreover, this Court's jurisdiction was divested upon the filing of the notice of appeal. Indeed, "[t]he filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal." *In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008). To that end, and "[e]ven if not truly jurisdictional, however, the divestiture rule exists to ensure a trial court does not "impermissibly interfere with the appellant's rights in its appeal." *In re ECI Pharmaceuticals LLC*, 669 B.R. 617, 624 (Bankr. S.D. Fla. 2025). Here, the Non-Debtor Defendants affirmatively state that lifting the stay would affect their arguments on appeal.[3] (Doc. 735 at 9.) Even absent this attestation, however, the Court would still have jurisdictional concerns because annulling or lifting the stay would necessarily modify an order subject to appeal. And "[w]hile the bankruptcy court has a wide latitude to reconsider and vacate its own prior decisions, it may not do anything which has any impact on the order on appeal." *Matter of Urban Development Ltd., Inc.*, 42 B.R. 741, 744 (Bankr. Fla. 1984). Likewise, "[c]ourts have consistently held that a bankruptcy court lacks jurisdiction to vacate or modify an order which is the subject of a pending appeal. Courts have also consistently held that if an issue is raised on appeal, a bankruptcy court cannot reconsider that issue even in the context of another Order." *In re Licking River Mining, LLC,* 535 B.R. 731, 737–38 (Bankr. E.D. Ky. 2015) (citations omitted).

---

[3] The parties may wonder whether this Court should enter *any* order on the Motion for Relief if this Court's jurisdiction is questionable due to the pending appeal. The answer lies in § 362(e)(1) of the Bankruptcy Code and the premise that, without action today on the movants' request, the stay will likely terminate by operation of law.

When considering the relief sought by the Judgment Creditors in the context of the foregoing, this Court is unpersuaded that annulling or lifting the stay at this time would not interfere with the integrity of the appeal process and the jurisdiction of the District Court.

Because the pending appeal renders this Court's jurisdiction to grant the relief requested questionable, the Motion for Relief should be denied. It should also be denied at this time for a lack of cause to grant the relief requested. Pursuant to § 362(d)(1) the bankruptcy court may annul the automatic stay "for cause." *In re Williford*, 294 F. App'x 518, 521 (11th Cir. 2008). Non-exclusive factors to consider when determining whether to annul the stay include: (1) whether the creditor was aware of the bankruptcy when they conducted the foreclosure; (2) whether the debtor acted in bad faith; (3) whether grounds existed for modifying the stay if the motion had been filed prior to the stay violation; (4) whether denial of the request for retroactive relief would result in unnecessary expense; and (5) whether the creditor has detrimentally changed its position on the basis of the action it has taken. *In re Sampson*, No. 22-10534, 2025 WL 582810, at *4 (Bankr. S.D. Ga. Feb. 21, 2025). Though not always dispositive, in determining whether to retroactively lift the stay, courts typically focus on two points: (1) whether the creditor had notice of the bankruptcy and (2) the debtor's conduct. *In re Curtis*, No. 24-40459-JTL, 2025 WL 2985018, at *2 (Bankr. M.D. Ga. Oct. 22, 2025); *see, e.g.*, *In re Howard*, 391 B.R. 511, 518 (Bankr. N.D. Ga. 2008) (Bonapfel, B.J.) (noting courts "focus, to a large degree, on two considerations: whether a creditor had notice of the pending bankruptcy (i.e., was the creditor's conduct innocent or did it knowingly violate the stay) and whether the debtor has engaged in inequitable conduct").

There is no dispute that the Judgment Creditors had notice of the bankruptcy, but they contend their "conduct cannot be perceived as an intentional disregard of the automatic stay" because they relied on the reversion theory. (Doc. 714 at 6.) Under the reversion theory, which

4

some courts espouse but this Court rejected (as viably excusing the stay violation), fraudulent transfer claims "automatically revert" to creditors when the limitation on the trustee's avoidance action expires. *See* the Order (doc. 699 at p. 22). Again, this Court is unpersuaded that the reversion theory automatically lifted the stay by implicitly "reverting" the claims back to the Judgment Creditors and it is likewise unpersuaded that this theory somehow weighs in favor of granting annulment here. The Judgment Creditors were aware of the pendency of the bankruptcy case, but they commenced a state court proceeding nonetheless – circumstances unchanged by the reversion theory.

As to the Debtors' conduct, it is well-documented that they were accused of numerous acts of bad faith and wrongdoing that led to a multimillion-dollar judgment in favor of the Judgment Creditors.[4] The Court is unpersuaded, however, that this past misconduct favors annulling the stay or requires a favorable ruling for the movants at this juncture. Moreover, it is unlikely that stay relief would have been granted, even if requested by the Judgment Creditors prior to the commencement of the Tuscaloosa County, Alabama, litigation. That is so because the lawsuit targeted components of the sewer system which were - and still are - necessary for ongoing operation of the Debtors' sewage treatment business. And an Amended Complaint purporting to no longer "interfere with property of the Estate or operations of the sewer system," does not change that fact. (Doc. 714 at 10.)

Moreover, the Court is unpersuaded that expiration of the limitations period under 11 U.S.C. § 546(a)(1) justifies annulling the stay. Two of the four adversary proceedings pending

---

[4] "The facts, read in the light most favorable to Plaintiffs, present a situation wherein a private utility provider acquired power from a public entity and then systematically used that power to exploit and harass some of its much weaker customer base." *See Davis et al. v. White et al.*, 7:17-cv-01533-LSC. For reference, the district court lawsuits are docketed as: No. 7:17-cv-01533-LSC (Davis Family); No. 7:17-cv-01534-LSC (Sloane Family); No. 7:17- cv-01535-LSC (Lawrence Family).

before this Court maintain the status quo of the fraudulent transfer claims - for now - notwithstanding the lapse of the statute of limitations under § 546(a)(1). In essence, commencement of adversary proceedings captioned as Case No. 25-00024-DSC (by the Judgment Creditors) and Case No. 25-00033-DSC (by the Trustee) moot the contention that prejudice would occur against the Judgment Creditors for failure to pursue the fraudulent transactions in state court.

This Court is also unpersuaded that § 362(d)(1) "cause" exists to lift the automatic stay at this time. There is no set list of circumstances that a bankruptcy court must consider in evaluating whether cause exists. However, the overall goals and policies reflected in the Bankruptcy Code are factors which weigh against lifting the stay here. *See In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013). This bankruptcy case has veered significantly off course from the goal of reorganization. State court litigation has been commenced without relief, four adversary proceedings are now pending, and no plan of reorganization has been filed to date. As such, the orderly and expeditious administration of this bankruptcy case remains part of the Court's concerns. Granting stay relief at this juncture, for what is likely duplicative litigation, will not help the cause.

Based on the foregoing, the Court concludes that its jurisdiction to grant stay relief is in question due to the pendency of the appeal and, therefore, the Motion for Relief should be denied. In addition, the Court finds that cause has not been established to annul or lift the stay. Therefore, it is hereby,

**ORDERED, ADJUDGED**, and **DECREED** that the Motion for Relief (doc. 714) is hereby **DENIED**.

Dated: November 21, 2025.

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge